**CHRISTOPHER T. VAN WAGNER**
**110 EAST MAIN STREET, SUITE 705**
**MADISON, WISCONSIN 53703**
**(608) 284-1200 FAX (608) 284-1260**

**www.vanwagnerlaw.com** **chris@chrisvanwagner.com**

June 21, 2021

Hon. William M. Conley, U.S. District Judge
U.S. District Court, W.D. Wisconsin
120 N. Henry Street
Madison, Wisconsin 53703

**Re: U.S. v. Michael Eisenga (Case No. 20-CR-137-WMC)**
**Response to Alliant assertions regarding TIF payment & Bankruptcy filings**

Dear Judge Conley:

In a letter dated March 8, 2021 (Doc #19), Alliant makes two claims which the defense respectfully disputes. In support of this dispute, we submit a letter (Defense Sentencing Exh. 1) from his counsel (Ronald M. Trachtenberg) addressing these items.

**Bankruptcy**. Alliant asserts (#19, at p.1, bottom) that Mike Eisenga's business bankruptcy filings (in 3-20-10422-CJF) were "baseless," intended only to delay the foreclosure. That was not the case. As attorney Trachtenberg notes (Def. Exh. 1), he *advised* Eisenga to file a reorganization case (a Chapter 11) "in order to have additional time to try and sell or lease the property *to maximize the value of the property, and to minimize any loan deficiency*" (emphases added). Eisenga sought to avoid any notable diminution in value of the secured assets with time to market the property commercially via Chapter 11. The rest of his businesses were profitable and there were prospects for reduction of the harm to Alliant by Eisenga's already-concluded and disclosed fraudulent loan application.

In fact, Alliant's letter omits any mention of two separate legal memoranda filed by the debtor in bankruptcy court (Docs 43 & 68) in which counsel for Eisenga ample citation for the propriety of his filings there. (Ultimately, those cases did not provide a path out of the fraudulently created debt, but that alone did not render them baseless.)

**CHRISTOPHER T. VAN WAGNER**
**110 EAST MAIN STREET, SUITE 705**
**MADISON, WISCONSIN 53703**
**(608) 284-1200 FAX (608) 284-1260**

**www.vanwagnerlaw.com** **chris@chrisvanwagner.com**

**TIF Payment**. Alliant also asserts (#19, page 2) that Eisenga engaged in a "callous and calculated" scheme to keep a TIF payment from Columbus while the foreclosure and bankruptcy cases were pending. As Attorney Trachtenberg writes, this was not the product of any scheme or added deceit: Eisenga did this only after and with the advice of counsel. He proactively asked Trachtenberg whether he was obligated to pay any portion of that TIF payment to Alliant. Trachtenberg reviewed the records and concluded that Alliant had no legal claim at all to that payment. Alliant had not sought or obtained any right to receive some or all of any future TIF payments. Hence, counsel advised Eisenga he had the contractual right to keep and use those funds in his overall business entity.

There are two things worth noting about the TIF money. One, TIF payments conceptually are not truly 'refunds' of real estate taxes paid for that year (although that is the funding vehicle for them). Rather, TIF funding is intended to assure funding for the development in the first place to help the developer obtain financing to build it. The City, not the developer, approves and pays out later years' TIF monies. Here, the grocery store parcel was on but one parcel in a larger development, which in fact Eisenga was able to finance *because* of the TIF funding; his original lenders had arranged for their own pledges or liens against those funds, and one (Investor's Community Bank) retains that to date. And, as noted already above, Eisenga was trying to use the bankruptcy proceedings and other legitimate methods to keep that property and all of his businesses locate there (and elsewhere) to maximize repayment to Alliant in the long haul. Would Alliant have liked to have that money? Undoubtedly they would. In fact, as noted by attorney Trachtenberg, it seems they have now sued the City of Columbus in an effort to receive TIF funds from this development (a claim the City seeks to dismiss). But there was no deceit or fraud in Eisenga's decision to act based only upon the advice of his own seasoned counsel.

Thank you for your consideration of this submission.

Respectfully submitted,

*/s/ (electronically signed)*

Christopher T. Van Wagner

cc: AUSA Duchemin (via ecf)
SUSPO Rich Williams (via ecf)